## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STRASBURG-JARVIS INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   No. 06-2552-CM |
| | ) |
| **RADIANT SYSTEMS, INC.,** | ) |
| **RETAIL CONTROL SYSTEMS, INC.,** | ) |
| **SYNCHRONICS, INC., DAVID ALBERT,** | ) |
| **and JEFFREY GOLDSTEIN,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Strasburg-Jarvis, Inc., a children's clothing manufacturer and retailer, originally brought this action against defendants Radiant Systems, Inc. ("Radiant") and Retail Control Systems, Inc. ("RCS"), respectively the owner/licensor and dealer for software that plaintiff intended to install on its computers. Plaintiff has added claims against defendants Sychronics, Inc.—a corporation that held title to trademarks and other assets related to the software—and David Albert—the founder, owner, and president of RCS—and Jeffrey Goldstein—the founder, owner, director, and president of Synchronics, Inc. Pending before the court are Retail Control Systems, Inc.'s Motion to Dismiss Counts II-V of Plaintiff's Amended Complaint (Doc. 37) and Defendant Radiant Systems, Inc.'s Motion to Dismiss Counts II, III, and V of Plaintiff's First Amended Complaint (Doc. 41).

In its motion, defendant RCS argues that paragraphs 38 and 39 of plaintiff's amended complaint fail to state a claim for fraud. Defendant RCS then reasons that plaintiff's negligent

misrepresentation, Uniform Commercial Code, and New Hampshire Consumer Protection Act claims must fail, as well, because they arise from the insufficient allegations of fraud. The court has reviewed the cases cited by defendant RCS. Although they all support a conclusion that defendant RCS may eventually be entitled to judgment against plaintiff on plaintiff's fraud claims, none of the cases that RCS cites were decided before the plaintiffs offered any evidence to support their claims. At this stage of the proceedings, plaintiff is not required to come forth with evidence. The court is unwilling to hold at this time that plaintiff will be unable to offer sufficient evidence in support of its fraud claim against RCS. Defendant RCS's proffered reason for dismissing plaintiff's other claims therefore fails.

Defendant Radiant claims that plaintiff's fraud and negligent misrepresentation claims fail because plaintiff does not allege a false representation of fact. For the same reasons stated above, the court denies defendant Radiant's motion. Defendant Radiant also asks the court to dismiss plaintiff's claim under the New Hampshire Consumer Protection Act because the acts complained of did not happen within New Hampshire and because the transaction was between sophisticated business entities. Defendant Radiant may be right on both counts, but the court cannot make that determination from the pleadings before it.

Although the court denies defendants' motions to dismiss, the court reiterates its concerns about plaintiff's ability to present evidence in support of its claims. The court encourages plaintiff to continually evaluate the merits of its claims and reminds plaintiff's counsel of their Rule 11 obligations.

**IT IS THEREFORE ORDERED** that Retail Control Systems, Inc.'s Motion to Dismiss Counts II-V of Plaintiff's Amended Complaint (Doc. 37) is denied.

**IT IS FURTHER ORDERED** that Defendant Radiant Systems, Inc.'s Motion to Dismiss Counts II, III, and V of Plaintiff's First Amended Complaint (Doc. 41) is denied.

Dated this 19th day of November 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
