**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **STRASBURG-JARVIS INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**RADIANT SYSTEMS, INC.,** )<br>**RETAIL CONTROL SYSTEMS, INC.,** )<br>**SYNCHRONICS, INC., DAVID ALBERT,** )<br>**and JEFFREY GOLDSTEIN,** )<br>)<br>**Defendants.** )<br>) | No. 06-2552-CM |

**MEMORANDUM AND ORDER**

Plaintiff Strasburg-Jarvis, Inc., a children's clothing manufacturer and retailer, originally brought this action against defendants Radiant Systems, Inc. ("Radiant") and Retail Control Systems, Inc. ("RCS"), respectively the owner/licensor and dealer for software that plaintiff intended to install on its computers. Plaintiff then added claims against defendants (1) Synchronics, Inc. ("Synchronics")—a corporation that held title to trademarks and other assets related to the software; (2) David Albert—the founder, owner, and president of RCS; and (3) Jeffrey Goldstein—the founder, owner, director, and president of Synchronics. Pending before the court is David Albert's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 61). Defendant Albert asks the court to dismiss plaintiff's claims for fraud, negligent misrepresentation, and violation of the New Hampshire Consumer Protection Act.

Two paragraphs of the amended complaint are central to defendant Albert's motion, paragraphs 38 and 39. In paragraph 38, plaintiff claims that defendants Goldstein, Synchronics, and

Synchronics-Radiant made the following misrepresentations:

    a.    "CounterPoint SQL is an excellent fit for your business. CounterPoint SQL is the best system."
    b.    "The people at RCS are dedicated and qualified, and are more than capable of delivering you the system you want. RCS is a wonderful provider."
    c.    "Our return policy, which is in our Registration/Software License Agreement, provides for a 30 day return."
    d.    "You are not that far from being done. You are not as far away from your objective as you think."
    e.    "Synchronics/Radiant is committed to helping you succeed."

According to paragraph 39, defendant Albert and RCS made all of the paragraph 38 misrepresentations, as well as two more: "The whole software installation including franchising can be done within the stated time of the 2005 Software Installation Contracts" and "The whole software installation including franchising can be done within the price stated in the 2005 Software Installation Contracts."

Defendants RCS and Radiant previously moved to dismiss the claims against them. The court denied their motions, although not without hesitation. Neither party asked the court to dismiss plaintiff's fraud claims for failure to plead with particularity. Defendant Albert does so now.

Under Fed. R. Civ. P. 9(b), fraud claims must describe with specificity the circumstances constituting fraud, including the time, place and content of false representations, the identity of the person making the representation and what was obtained or given thereby. *Smith v. MCI Telecomm'ns. Corp.*, 678 F. Supp. 823, 825 (D. Kan. 1987). Plaintiffs must allege the "who, what, where, and when" of each purported fraudulent act. *Nal II, Ltd. v. Tonkin*, 705 F. Supp. 522, 525–26 (D. Kan. 1989). Furthermore, when plaintiffs allege fraud against multiple defendants, they must set forth separately the acts of each defendant. *Gottstein v. Nat'l Ass'n for the Self Employed*, 53 F. Supp. 2d 1212, 1222 (D. Kan. 1999) (citing *Wiesner v. Willkie Farr & Gallagher*, 785 F. Supp. 408,

411 (S.D.N.Y. 1992)).

The allegations of fraud in the amended complaint lack the specificity required by Rule 9(b). The amended complaint does not specify the time or place of the allegedly false representations. Although it states that both defendant Albert and RCS made the misrepresentations alleged in paragraph 39, it does not specify who said what. The court notes that exhibit 4 to the original complaint, which is incorporated by reference in paragraph 20 of the amended complaint, is an email from defendant Goldstein that contains the statements of paragraph 38. The email is not from defendant Albert. If plaintiff claims that defendant Albert is responsible for the statements of another person working for another company, plaintiff must be able to present a valid reason for doing so. That said, the allegations of fraud are wholly inadequate under Rule 9, and the court dismisses the fraud claim against defendant Albert without prejudice. The court recognizes that defendant Albert also maintains that the fraud claim fails to state a claim upon which relief can be granted, but the court has already ruled that it cannot make that finding based on the record before it.

Defendant Albert also argues that the negligent misrepresentation claim against him fails as a matter of law. The court previously rejected this argument when it ruled on defendant RCS's motion to dismiss. Upon further review, the court determines that it should reconsider that ruling, at least with respect to a portion of the claim against defendant Albert. "[T]he tort of negligent misrepresentation . . . does not, by its own terms, apply to misrepresentation of an intention to perform an agreement." *Wilkinson v. Shoney's, Inc.*, 4 P.3d 1149, 1166–67 (Kan. 2000). A tort is only actionable for misrepresentation of factual, commercial information—not to statements of future intent. *See id.* Whether alleged misrepresentations were ones of present fact or future intent is a question of law. *See Bittel v. Farm Credit Servs. of Cent. Kan.*, 962 P.2d 491, 501 (Kan. 1998).

The alleged negligent misrepresentations contained in paragraph 39 of the complaint are not

actionable. At most, these are misrepresentations of intent to perform an agreement, not misrepresentations of factual, commercial information.

To the extent that the allegations of paragraph 38 can be attributed to defendant Albert—which is an assumption that the court must make at this stage of the litigation—they are potentially actionable statements. Several of the statements qualify as misrepresentations of factual, commercial information. The court denies defendant Albert's motion to dismiss with regard to this portion of the negligent misrepresentation claim.

Finally, defendant Albert argues that his alleged statements are too vague to sustain a claim under the New Hampshire Consumer Protection Act. This is a new argument that neither defendant RCS nor defendant Radiant previously raised. Defendant Albert cites one case in support of his argument, *Cecere v. Loon Mountain Recreation Corp.*, 923 A.2d 198, 207 (N.H. 2007). According to defendant Albert, the *Cecere* court held that a brochure's statements that a terrain park was "fun" and "the place to be" were not actionable under the New Hampshire Consumer Protection Act. While this holding was perhaps implicit in the *Cecere* court's ruling, the court actually affirmed the trial court's finding that the plaintiff did not substantiate her claim that the brochure advertised that the terrain park's jumps were "state of the art" and "safe for the use by patrons for the specific purpose of snowboarding." In other words, the plaintiff did not base her claim on the promise that the terrain park was "fun" or "the place to be." She based her claim on alleged statements that she did not support with evidence. The *Cecere* court affirmed the trial court because plaintiff did not substantiate her claim. The court will not dismiss the New Hampshire Consumer Protection Act claim for the reason advanced by defendant Albert.

**IT IS THEREFORE ORDERED** that David Albert's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 61) is granted in part and denied in part.

Dated this 15th day of February 2008, at Kansas City, Kansas.

                                                  **s/ Carlos Murguia**  
                                                  **CARLOS MURGUIA**  
                                                  **United States District Judge**